UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PAUL ANTHONY BROWN                                                                           PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:14CV261-HSO-RHW

UNKNOWN HUBBARD                                                                           DEFENDANT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Paul Brown, proceeding *pro se* and *in forma pauperis*, filed a complaint dated May 1, 2014, which included claims arising out of both 42 U.S.C. § 1983 and 28 U.S.C. § 2254. Doc. [2]. By order dated July 3, 2014, the Court ordered Brown's civil rights and habeas claims severed and directed the Clerk of Court to open the above-captioned § 2254 cause of action relating to Brown's habeas claims. *Id.* The Court later required Brown to file his petition on the appropriate § 2254 petition form. Doc. [7]. In compliance with the Court's order, Brown filed a § 2254 petition on July 10, 2014. Doc. [8]. It is this § 2254 petition which is now before the undersigned for review.

In his petition, Brown admitted that he did not appeal the judgment of conviction and that he did not seek any further review from a higher court. Nor did he file any other petition, application, or motion concerning the judgment of conviction in any state court. *Id.* at 2-3. Brown further admitted that he did not appeal nor seek post-conviction review of the claims raised in his petition. *Id.* at 6-7. Respondent then filed a motion to dismiss based on Brown's admitted failure to exhaust state court remedies prior to filing his instant habeas petition. Doc. [11].

## Law and Analysis

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In order to exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id.*

Based on the admission in Brown's pleadings that he did not appeal or otherwise seek review of his judgment of conviction in state court, the undersigned finds that Brown did not exhaust state remedies as required by the statute. In his response to the motion to dismiss, Brown states that after receiving notice from Attorney General Jim Hood that Respondent wanted to dismiss Brown's petition for not presenting it to the Mississippi Supreme Court, Brown states that he "sent everything to Supreme Court so they have a file on everything." Doc. [13]. Brown's act of sending paperwork to the Mississippi Supreme Court does not suffice to present his claims in a procedurally proper manner such that he has exhausted state court remedies.

While Brown's failure to exhaust available state court remedies warrants dismissal of a federal habeas corpus petition under § 2254(b)(1) and (c), the decision by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) provides federal district courts with the discretion to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court.  However, the Supreme Court in *Rhines* cautioned that "stay and abeyance should be available only in limited circumstances."  *Rhines*, 544 U.S. at 277.  Brown's petition does not meet this standard because he has failed to provide any reason for allowing his habeas petition to be held in abeyance while his claims are exhausted.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [11] Motion to Dismiss be GRANTED and that Paul Anthony Brown's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed based on failure to exhaust state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 24th day of November, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE